[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**December 16, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 05-12258
Non-Argument Calendar

_____

D. C. Docket No. 99-02443-CV-ASG

ANDREW ALLOCO,
ABRAHAM FERNANDEZ,
STENY GARCIA-MONTES,
ALEX SILVA,
JOHN ALLEN,

Plaintiffs-Appellants,

AGUSTIN QUEVEDO, et al.,

Plaintiffs,

versus

CITY OF CORAL GABLES, a Municipal Corporation,
UNIVERSITY OF MIAMI, a Non-Profit, Florida Corporation,

Defendants-Appellees,

THE FRATERNAL ORDER OF POLICE,
Lodge No. 7,

Intervenor-Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(December 16, 2005)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Appellants Andrew Alloco, Abraham Fernandez, Steny Garcia-Montes, Alex Silva, and John Allen challenge the district court's denial of their post-judgment motion to disqualify, in which they sought recusal of United States District Judge Alan S. Gold. Appellants assert (1) that the motion to disqualify was erroneously transferred to the Chief United States District Court Judge for the Southern District of Florida, rather than being considered by Judge Gold himself; and (2) that the motion to disqualify should have been granted due to certain relationships between Judge Gold, his wife, and his law clerk and Appellee, the University of Miami ("UM"). Appellants also ask us to vacate all prior orders entered by Judge Gold, including a dispositive summary judgment order that we previously affirmed on appeal. After careful review, we affirm.

The parties are familiar with the relevant background facts and we only summarize them here. On November 25, 1996, Appellants, Coral Gables police

officers who were employed as public safety officers at UM, which paid their salaries, sued UM and the City of Coral Gables ("City"), alleging, inter alia, negligent misrepresentation, conspiracy, Florida RICO violations, and 42 U.S.C. § 1983 claims based on an agreement between the City and UM whereby Appellants claim they were considered part-time City employees and therefore not entitled to the same rights, pay, and benefits afforded to full-time City employees. Appellants originally filed their complaint in state court and the action was removed, pursuant to the Appellees' motion, to federal court on September 8, 1999.

After extensive discovery, the filing of a fifth amended complaint, and settlement negotiations, in a 95-page order, Judge Gold granted Appellees' motion for summary judgment and entered final judgment on August 23, 2002. Allocco v. City of Coral Gables, 221 F. Supp. 2d 1317 (S.D. Fla. 2002). On appeal, we affirmed that decision without opinion, pursuant to 11th Cir. R. 36-1. Allocco v. City of Coral Gables, 88 Fed. Appx. 380 (11th Cir. 2003).

About four months after our mandate issued, on April 26, 2004, Appellants filed the instant motion to disqualify Judge Gold. On May 7, 2004, Judge Gold transferred the motion to Chief Judge William J. Zloch who referred it to a magistrate judge to prepare a Report and Recommendation (R&R). The magistrate judge concluded that none of Appellants' arguments warranted the recusal of Judge Gold

3

and that, even if an obligation to recuse existed, any resulting error was harmless because, on appeal from the summary judgment decision, this Court affirmed the entry of summary judgment. Appellants filed various objections to the R&R, but, notably, did not object to the transfer of the motion to disqualify from Judge Gold to Chief Judge Zloch. After conducting a de novo review of the record, the district court adopted the R&R and denied the motion to disqualify. This appeal followed. In this appeal, Appellants ask us to reverse the decision on the motion to disqualify and vacate all of Judge Gold's orders that pre-date the motion to disqualify, including the summary judgment order that we previously affirmed on direct appeal.

As a preliminary matter, Appellants did not raise the issue of Judge Gold's transfer of the motion to disqualify to Chief Judge Zloch at any time in the district court. They did not object when the transfer took place, nor did they object at any point in the proceedings before the magistrate judge, either before or after issuance of the R&R. Finally, they did not object to Chief Judge Zloch prior to his adoption of the R&R and denial of the motion to disqualify.

We have consistently held that we will not consider issues raised for the first time on appeal, with several exceptions, including when the issue "involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994); see also Access Now, Inc.

4

v. Southwest Airlines Co., 385 F.3d 1324, 1331-32 (11th Cir. 2004) (citing cases). "The reason for this prohibition is plain: as a court of appeals, we review claims of judicial error in the trial courts. If we were to regularly address questions . . . that districts court never had a chance to examine, we would not only waste our resources, but also deviate from the essential nature, purpose, and competence of an appellate court." Access Now, 385 F.3d at 1331. Since Appellants raised their challenge to the transfer of the motion for the first time on appeal, and none of the "exceptional circumstances" in which we have allowed claims to be raised for the first time exist in the instant case, we conclude that Appellants waived this claim and we will not consider it at this late juncture.

As for the denial of the disqualification motion, we review for abuse of discretion the district court's denial of a recusal motion. See Byrne v. Nezhat, 261 F.3d 1075, 1100 (11th Cir. 2001); Jaffree v. Wallace, 837 F.2d 1461, 1465 (11th Cir. 1988). Abuse-of-discretion review

> recognizes the range of possible conclusions the trial judge may reach. By definition . . . under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call. That is how an abuse of discretion standard differs from a de novo standard of review. As we have stated previously, the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.

5

United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) (internal quotation marks and citations omitted), cert. denied, 125 S. Ct. 2516, 161 L. Ed. 2d 1114 (2005).

Based on our extensive review of the record, as well as careful consideration of the parties' briefs, and the thorough and well-reasoned R&R, we can find no abuse of discretion in the district court's adoption of the R&R, after that court's de novo review of the record, and the court's disposition of the motion to disqualify. Accordingly, we affirm its judgment in all respects.

**AFFIRMED.**